MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF BOONTON, complainant-respondent,

*v.*

FRANK B. FAY, 3d, defendant-appellant.

[Submitted May 31st, 1941. Decided September 19th, 1941.]

*Messrs. King & Vogt* and *Mr. Harold A. Price,* for the appellant.

*Mr. Eugene F. Hillery,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an interlocutory order of the Court of Chancery. The subject-matter of the suit has been in the court before on other phases. The defendant-appellant secured a permit from the State Water Policy Commission for the construction of a dam and lake on property near the Boonton reservoir. The Supreme Court and this court upheld the granting of this permit. *122 N. J. Law 34; 123 N. J. Law 196.* The town then filed the present bill seeking to enjoin the construction of the dam and raising four points: (1) that the construction would pollute and endanger the water supply of the Town of Boonton; (2) that it would diminish the flow of water into the reservoir; (3) that the

act under which the permit was granted is unconstitutional; and (4) that the dam would interfere with the town's alleged prescriptive right of flowage over part of defendant's lands. The defendant claimed that the first two questions were *res judicata,* so the court undertook to make a preliminary determination of the issues to be tried on final hearing. The Vice-Chancellor held that the first question was *res judicata,* and that the others were not. Defendant-appellant concedes that the third and fourth are not *res judicata* and are properly held for final hearing, but appeals from the refusal of the Vice-Chancellor to rule the second question out.

We are of the opinion that the question of the diminution of flow was determined favorably to appellant in the *certiorari* proceeding and on the appeal to this court. *122 N. J. Law 34; affirmed, 123 N. J. Law 196.* The opinion of Mr. Justice Bodine for the Supreme Court says: "The building of the proposed dam would augment the Boonton water supply because it would increase the storage facilities." The Vice-Chancellor said in his memorandum that neither the commission nor the court passed on the question although complainant contended before those tribunals that the permit should not be granted for that reason. In a supplemental memorandum he said that he did not consider that the above language of Mr. Justice Bodine constituted a finding of fact on the question.

With this we are unable to agree. An examination of the record that was before this court on the prior appeal reveals that several of the reasons on *certiorari* raised the question of the flow of water. For instance the first reason assigned was: "Because the erection of the dam for which a permit has been granted by the commission to Frank B. Fay, 3d, on the site contemplated in the application for said permit and the consequent impounding of water, will result in a serious diminution of the flow of Stony Brook, and will seriously lessen and endanger the water supply of the Town of Boonton."

Point II argued in the brief of the Town of Boonton on the appeal was "A dam at the intake of Boonton's reservoir, flooding a large area, will diminish its water supply."

In view of the fact that these arguments were urged before the court, it follows that the sentence quoted from Mr. Justice Bodine's opinion must have been a finding of fact on the question adverse to the Town of Boonton. To say otherwise is to say that the Supreme Court and this court refused to consider a point that was properly raised. When the opinion says that the dam will increase the water supply, the court is finding as a fact that the claim that the water supply will be diminished is unfounded and not supported by the evidence. We are of the view that the Vice-Chancellor erred and that the question is *res judicata*.

Respondent claims that appellant cannot appeal from this interlocutory order because he is not aggrieved thereby. But he is aggrieved by an order that again puts him to the burden of proving a state of facts that has already been shown and upon which a court has made a finding.

The part of the order appealed from is accordingly reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.