## FAIRBANKS v. FISHER.

United States District Court
S. D. New York.
Nov. 22, 1950.

William E. Fairbanks, pro se, and Henry G. Van Veen, New York City, for plaintiff.

Wilbur Duberstein, New York City, Attorney for defendant.

McGOHEY, District Judge.

Defendant moves for summary judgment on the ground that a prior judgment in the Municipal Court bars recovery here. The plaintiff, a resident of New Jersey, sues for breach of a contract of lease for Apartment 15 F in 425 Riverside Drive. The defendant is a resident of New York and the amount in controversy is sufficient for jurisdiction.

The plaintiff was in possession of the apartment under a lease with the principal landlord. On January 30, 1948, by written lease he sublet it to the defendant for a term of five years commencing February 1, 1948. The stipulated rent was $200 per month. On the execution of the lease, the defendant paid the first month's rent in advance and, in addition, $1000 as security for the stipulated rent for the last five months of the term.

On March 1, 1948, the plaintiff commenced summary proceedings in the Municipal Court to dispossess the defendant for failure to pay the rent for that month. He alleged in his petition that the rent of $200 was not in excess of the statutory maximum allowed by the rent laws and regulations. Defendant answered claiming that the rent was in excess of the legal maximum, and counterclaiming for the return of the $1000 security as constituting an unlawful exaction of rent. These pleadings thus put in issue the validity of the contract of lease.

The case appeared on the calendar on June 14, 1948. Neither party appeared and both the petition and counterclaim were dismissed on default. In December, 1949, the defendant moved in the Municipal Court to open the defaults. The motion was granted by order dated December 22, 1949, which also set the case for trial on January 24, 1950. Thereafter trial was twice adjourned upon application of plaintiff's attorneys, and finally came on on February 16, 1950. On that day the plaintiff, claiming to "appear specially" in his own action, challenged the Court's jurisdiction on the ground that the prior dismissal by default on June 14, 1948, terminated the proceedings and that the Court's order opening the default was "null and void." The Court rejected the challenge and the plaintiff declined to proceed. Thereupon his petition was dismissed and an inquest ordered on the defendant's counterclaim. This resulted in a judgment in favor of the defendant on the counterclaim.

The plaintiff so far as appears took no appeal from the dismissal of his petition, nor from the judgment against him on the counterclaim. But on February 15, 1950, he commenced this action by filing this

266

complaint seeking damages for breach of the contract of lease. The defendant has answered, denying the material allegations of the complaint and pleading affirmative defenses and two counterclaims. One of the affirmative defenses sets up the decision and judgment of the Municipal Court as a bar to this action.

It is clear beyond question that the Municipal Court necessarily passed on the validity of the lease between the plaintiff and this defendant. Moreover, its judgment, never having been reversed or set aside, is binding on these parties. Plaintiff urges that his "cause of action" here is for damages in the amount of $10,800 for anticipatory breach of the contract of lease; that this is a cause of action beyond the Municipal Court's jurisdiction and thus the doctrine of res judicata does not apply, but the narrower doctrine of collateral estoppel by judgment. It is not necessary to discuss the distinction, for under either doctrine the plaintiff must fail.

The basic issue in this suit is the validity of the contract sued upon. That question was raised and necessarily settled adversely to the plaintiff in the Municipal Court which had jurisdiction to pass on it. That Court's judgment is still in effect. This Court will not attempt indirectly to review it. It is a complete bar to any recovery in this action.

The motion for summary judgment is therefore granted.

Settle order.