JOHN BANGO, PLAINTIFF-APPELLANT, v. DONALD WARD
AND ROBERT FARISS, DEFENDANTS-RESPONDENTS.

Argued April 27 and May 4, 1953—Decided May 18, 1953.

*Mr. Robert C. Gruhin* argued the cause for appellant.

*Mr. John C. Stockel* argued the cause for respondent Fariss.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.   Plaintiff, a police officer, on duty in Pershing Avenue, Borough of Carteret, assigned to keep spectators back of the curb along that street during its use as a race course for a "Soap Box Derby" sponsored by the Carteret Lions Club, an unincorporated service club, suffered personal injuries when struck by a "soap box flivver" operated by a 13-year-old contestant, defendant Donald Ward.

Plaintiff first unsuccessfully sought damages for his injuries in an action against Carteret Lions Club and one William Sitar.   His complaint alleged that they "conducted" the event and were negligent in that they "failed to provide the necessary safeguards and precautions for police officers, pedestrians and spectators in and about the vicinity."   His proofs upon the trial did not sustain his allegations but, on the contrary, showed that the responsibility for safety arrangements had been turned over to and assumed by the Borough of Carteret's police and fire departments.   Accordingly, a judgment of involuntary dismissal was entered at the close of plaintiff's case on defendants' motion under *Rule* 3:41–2.   Upon appeal the judgment was affirmed. *Bango v. Carteret Lions Club*, 12 *N. J. Super.* 52 (*App. Div.* 1951), certif. den. 7 *N. J.* 347 (1951).   The Appellate Division determined not only that "there was no evidence that the defendants controlled the situation," and that "the

arrangements for the safety of all concerned" were handled by the police and fire departments, but also that "even assuming that the defendants did have authority over the conduct of the races" there was no evidence that defendants were negligent. "They fully performed their duty when they persuaded the police and fire departments to take charge of the arrangements for the safety of all concerned [citing cases]. No failure on the part of the police and fire departments to take proper precautions was shown." 12 *N. J. Super.* 56, 57.

The instant action was instituted after the entry of the judgment of involuntary dismissal in that suit and pending appeal therefrom. The complaint is in two counts. We are not concerned with the first count, which is against the infant contestant, Donald Ward, and is awaiting trial. The appeal is from the judgment of the Appellate Division, *Bango v. Ward*, 21 *N. J. Super.* 500 (1952), certified here on plaintiff's petition, 11 *N. J.* 329 (1953), affirming the entry of a summary judgment dismissing the second count, which alleges that plaintiff's injuries were caused by the negligence of respondent, Robert Fariss, upon the ground that the judgment of involuntary dismissal in favor of Carteret Lions Club in the original suit is *res judicata.* Fariss, as required by *Rule* 3:8–3, pleaded the defense specially in his answer and then made the motion for summary judgment supported by his affidavit. Plaintiff filed no answering affidavits nor did he avail himself of the provisions of *Rule* 3:56–7 and seek an opportunity to justify his opposition to the motion by affidavits or depositions. The determination of the defense on motion for summary judgment under *Rule* 3:56–3, supported by the affidavit, was proper, *Templeton v. Scudder*, 16 *N. J. Super.* 576 (*App. Div.* 1951), even though Fariss' connection in interest with Carteret Lions Club appears solely from his affidavit and is not alleged or alluded to in the complaint. The test under the rule is whether the pleadings and affidavits together "show palpably that there is no genuine issue as to any material fact challenged and that the moving party is

entitled to a judgment or order as a matter of law," in which case "the judgment or order sought shall. be rendered forthwith."

Fariss' affidavit states that at the time of the soap box derby he was a director of the Carteret Lions Club and "for and on behalf of the Lions Club" acted as general chairman of the derby; that he had been actively associated "for about 14 years" with such events "in various Cities around the Country"; that his committee was comprised of several chairmen, all also members of the Lions Club, "of specific phases of the Derby such as procuring the ramp, prizes, inspection of cars, etc."; that he was merely "coordinator" of their activities to the extent of Lions Club participation and that "everything I did was as a member of the Lions Club and not in any individual capacity dis-associated from the Club"; and, specifically as to safety arrangements, "The Lions Club nor myself had nothing whatever to do with controlling the crowd and keeping people off the course, nor in connection with the installation and maintenance of ropes along the curbs of Pershing Avenue to control the crowd." Both the trial court and the Appellate Division concluded that these uncontradicted facts concerning Fariss' status in relation to the Carteret Lions Club entitled him to assert the judgment in favor of the club in the original suit as a bar to the instant action against him.

When a party who is afforded a fair opportunity to litigate a claim or cause of action before a court which has jurisdiction over the parties and the subject matter suffers a final judgment adverse to him on the merits, parties in whose favor the judgment is entered, and their privies, may assert the judgment as a bar in a subsequent action on the same claim or cause of action. *Templeton v. Scudder, supra; Restatement, Judgments* (1942), *sec.* 1, *p.* 9. The public interest in putting an end to litigation, which underlies the principle of *res judicata,* as well as the interest of parties requires that the loser in such case shall be denied a second chance to litigate the matters determined by the final judgment.

Appellant, conceding the principle, denies its applicability in the circumstances of the present case.

His first point is that the judgment in favor of Carteret Lions Club was not an adjudication on the merits but merely "the equivalent of our former nonsuit," which, even when a compulsory nonsuit, did not under the former practice preclude the plaintiff from bringing a new suit for the same cause of action. But, by *Rule* 3:41–2 "nonsuits are superseded" and, "unless the court in its order for dismissal otherwise specifies," a dismissal under *Rule* 3:41–2 operates as an "adjudication upon the merits" where, as was the case in the action against Carteret Lions Club, the dismissal is on motion made "after the plaintiff has completed the presentation of his evidence "on the ground that upon the facts and the law the plaintiff has shown no right to relief." The trial court did not "otherwise" specify in the judgment in favor of the club and it was therefore both a final judgment and adjudication upon the merits.

The second point is that Fariss is not a person in privity with Carteret Lions Club. This is without substance. The club is not a legal entity separate and distinct from the persons who comprise its membership. It derives its existence "from the consensual agreement of the component members, who act not by a distinct entity but by virtue of a mere agency." *Harker v. McKissock,* 12 *N. J.* 310 (1953). At common law the action could not have been maintained against the club in its association name but would have been maintainable only against the members collectively except as under the doctrine of virtual representation some members less than all might have been named defendants. The authority for the action against the club by name is statutory. *R. S.* 2:78–1 *et seq.,* now *N. J. S.* 2A:64–1 *et seq.,* permits suits affecting the common property, rights and liabilities of such an association of seven or more members in the association name "with the same force and effect as regards such common property, rights and liabilities as if the action or suit were prosecuted by or against all the members thereof." Thus the original action against the

club by name was in reality an action against the collective membership, including Fariss, and the successful defense thereto was in reality a successful defense of the members, including Fariss. In essence, then, the instant action is an attempt to relitigate, this time against one member, Fariss, by reason of his part as a club member in a club activity, the same claim or cause of action (as we demonstrate below) which plaintiff could not establish against him and the other members collectively. "Privity in the sense of this principle connotes such connection in interest with the litigation and the subject matter as in reason and justice precludes a relitigation of the issue." *Hudson Transit Corporation v. Antonucci,* 137 *N. J. L.* 704, 707 (*E. & A.* 1948). "* * * the doctrine of estoppel by judgment or *res adjudicata* in its modern practical application embraces the principle that one person shall not a second time litigate not only with the same party but indeed with another who is so identified in interest with such party that he represents the same legal right on exactly the same controversial issue which had been obviously tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment in an action *in personam* in the former suit." *Templeton v. Scudder, supra, p.* 583. In the latter case a judgment of no cause for action upon a jury verdict in favor of a non-profit corporation was held to be a bar to a subsequent action upon the same claim or cause of action brought against Scudder, the general chairman for the corporation of a civic event sponsored by the corporation at which plaintiff suffered personal injuries which he alleged were caused by negligence in the conduct of the event. In the instant case there is more than the connection of interest considered sufficient to entitle Scudder to assert the bar of the judgment in favor of the corporate entity. Fariss as a club member was a "party" to the original action and, with all his fellow club members, was exonerated of liability and thus is entitled to assert the bar of that judgment in this second action against him for his part as a club member upon the same claim or cause

of action determined in favor of himself and his co-members in that suit.

Appellant argues alternatively on this point of privity. He urges that the statements in Fariss' affidavit that he had "been actively associated with Soap Box Derbies for about 14 years and conducted them in various Cities around the Country" at least suggests the inference that Fariss on this occasion was an independent contractor, so that it cannot be said that on the pleadings and affidavit before the court it was shown "palpably that there is no genuine issue as to any material fact." *Rule* 3:56–3. This is apparently an afterthought, suggested for the first time on this appeal, and not alleged in the complaint nor mentioned at the argument on the motion. We might well refuse for that reason to consider the argument. However, a reading of Fariss' affidavit in its entirety lends no support to the suggested inference from this clause taken from the context; rather, the affidavit plainly establishes that his activities were entirely as a club member doing his part in a common club enterprise.

■ The second alternative argument is that the statute, *R. S.* 2:78–5, superseded by *N. J. S.* 2A:64–5, providing that "Nothing in this chapter contained shall be construed to prevent any person having a cause of action against an unincorporated organization or association, for which the members thereof or any of them are personally liable, from proceeding against the members so liable in the manner authorized by law," authorizes the plaintiff to maintain this action against Fariss. The statute obviously has no application. It merely saves to a plaintiff his alternative action directly against the members of the association where he may initiate an action against the association by name. But plaintiff here is barred by the former judgment from maintaining another action upon his claim against the club by name. Manifestly the statute was not purposed, as plaintiff's argument implies, to create an exception to the ordinary application of the principles of *res judicata* and to permit an action against a member of an unincorporated association for

acts or omissions as a club member after the failure of an action against him and the other members collectively in the mode of an action against the association by name.

The last point is that the claim or cause of action alleged against Fariss is not the same as that alleged and attempted to be proved against Carteret Lions Club. It is true that in considering whether a prior judgment is *res judicata* "it is important to distinguish the situation which arises where the second action is based upon the same claim or cause of action as that upon which the first action was based and the situation which arises where the second action is based upon a different claim or cause of action." *Restatement, Judgments, p.* 158; *Smith v. Kirkpatrick,* 305 *N. Y.* 66, 111 *N. E. 2d* 209 (*Ct. App. N. Y.* 1953). And the determination of what constitutes the "same" or "different" cause of action is not a matter free from difficulty. Under the test of "sameness" laid down by Mr. Justice Cardozo, when Chief Judge of the New York Court of Appeals, the claims or causes of action are the same "when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 *N. Y.* 304, 165 *N. E.* 456, 457 (*Ct. App. N. Y.* 1929). In *Baltimore Steamship Co. v. Phillips,* 274 *U. S.* 316, 321, 47 *S. Ct.* 600, 602, 71 *L. Ed.* 1069, 1072 (1927), it was said:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong."

Our former Court of Errors and Appeals, in *Smith v. Fischer Baking Co.,* 105 *N. J. L.* 567, 569 (1929), stated it:

"To render a prior judgment *res adjudicata* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof

which would fully support the one case would have the same effect in tending to maintain the other."

We have no difficulty in concluding that the claim or cause of action in this suit against Fariss, reading the complaint and the Fariss affidavit together, is the "same" as the claim or cause of action alleged and attempted to be proved against the club. The case against the club, being in actuality a case against the collective membership, could be established only by evidence of negligent acts or omissions of one or more members, or persons acting in their behalf. The present action attempts to tax one such member, Fariss, with such negligent acts or omissions. But the determination in the former suit was that the members were not in fact negligent, and the basis of negligence alleged here is the same as that alleged in that suit. The making of reasonable safety arrangements to protect invitees against injury is the duty charged in the one case against all the members collectively, and in the other against a single member, Fariss. The failure of duty alleged in both complaints is in identical language, namely, failing "to provide the necessary safeguards and precautions for police officers, pedestrians and spectators in and about the vicinity." The only difference between the two complaints in that respect is that the one against Fariss lists more specific alleged omissions constituting such failure. As to Fariss, then, the instant action is based upon the original cause of action already unsuccessfully litigated against him and his fellow club members. Plainly "the proof which would fully support" the case against Fariss "would have the same effect in tending to maintain" the action against the club. *Smith v. Fischer Baking Co., supra.* Fariss' alleged acts or omission were or could have been put in issue in the action against the club. What plaintiff attempted and failed to prove against the collective membership, including Fariss, he cannot be permitted to attempt a second time to prove against Fariss. The judgment in favor of Fariss and his co-members in the former suit is so in point as to control the issue in the

instant action. A different judgment in the instant case "would destroy or impair rights or interests [enuring to Fariss as a club member] established by the judgment" in favor of the club. *Schuylkill Fuel Corp. v. B. & C. Nieberg Corp., supra.*

Affirmed.

*For affirmance*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—Chief Justice VANDERBILT—1.