**William KRICUN, Appellant,**

**v.**

**Louis A. STEIN, Appellee.**

**No. 1588.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1955.

Decided Feb. 1, 1955.

Herman Miller, Washington, D. C., for appellant.

William F. Mansfield, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for possession of certain premises filed by appellee, hereinafter referred to as landlord, based on the expiration of a term lease. Resisting the suit tenant alleged in himself a possessory right to the premises based upon the claim that he was a tenant for a term which had not yet expired. Enumerated in the various defenses were contentions that the landlord had agreed to give him a new lease to the premises for ten years and that the landlord had agreed in writing to lease him the same premises for a term of five years. Trial was had before a jury, and when the testimony on both sides was concluded, landlord conceded that based on all the evidence tenant was entitled to a five-year lease, and the jury returned an instructed verdict to that effect.

During trial considerable testimony regarding the ten-year lease agreement was offered by the tenant and admitted over objection subject to a motion to strike at the end of the case. Objection was interposed on the ground that the matter was res judicata. At the conclusion of the case the court granted the motion, striking all

**384**

testimony based on this defense, and tenant appeals.

The basis of the court's ruling was predicated on the following facts: Prior to the filing of the instant suit landlord filed an action in debt for unpaid rent against the tenant. Tenant answered and counterclaimed, alleging among other defenses accord and satisfaction based on the premise of an agreement between the parties to a ten-year lease, which the landlord refused to sign. The lease was offered in evidence, and at the conclusion of that case the court in a memorandum opinion stated in part: "Upon all the evidence, the court finds as a fact that the parties did not enter into an accord and satisfaction of plaintiff's claim." Judgment was entered in accordance with the memorandum opinion. No appeal was taken therefrom and that judgment remains unmodified.

It will thus be seen that the only question is whether the issue concerning the ten-year lease was conclusively adjudicated by virtue of the previous suit and judgment. Having no doubt, we hold it was. A careful examination of the record of the prior suit, which was admitted in evidence, shows unmistakably that the question of the ten-year lease was considered and determined by a finding of the court. Thus, it necessarily follows that the defense of accord and satisfaction having been made and the lease offered to support that contention, the issue has been laid at rest.

Tenant contends that the question of the ten-year lease was not properly before the court. This, however, does not alter the situation for the question was expressly put in issue in the former case, decided adversely to the tenant, and therefore must be considered adjudicated.[1]

The doctrine of res judicata in federal districts is well established. As stated by the Supreme Court in United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 105, 95 L.Ed. 36, quoting from Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, " 'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.' "

Affirmed.

1. Geracy, Inc. v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185.