**Dominic F. ANTONELLI, Jr., and Dorothy A. Antonelli, Appellants,**

v.

**Robert B. SMITH, Appellee.**

**No. 1608.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 28, 1955.

Decided April 27, 1955.

Herman Miller, Washington, D. C., for appellant.

Irving B. Yochelson, Washington, D. C., with whom Solomon Grossberg and Isadore Brill, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, hereinafter referred to as landlord, brought this action for possession of certain premises for nonpayment of rent for the months of July and August, 1954, in the amount of $800.

Appellants denied landlord's claim to possession and by way of recoupment set forth matter to support their contention that landlord was liable to them in an amount exceeding the unpaid rent, thus defeating landlord's claim.[1] The first count of the plea of recoupment sounded in tort in that landlord had fraudulently misrepresented the condition of the roof of the premises at the time of making the lease and that

1. Municipal Court Landlord and Tenant rule 4(c).

resulting water leakage caused damage to tenants' personal property. The second count claimed a breach of covenant in landlord's failure to make all necessary repairs to the roof, which failure resulted in damage to tenants' property. The jury rendered a verdict in favor of landlord and determined the amount of rent due to be $600. Tenants appeal from judgment entered in accordance with this verdict and assign as error the refusal of the trial court to grant permission to amend the plea of recoupment after trial had commenced.

The pertinent facts are as follows: Tenant, Dominic F. Antonelli, Jr., purchased a rooming house business from one Stevens, and having acquired a lease for a term of years from landlord, took possession on July 1, 1952. In August 1952 a storm caused damage to the roof. Subsequent water leakage and resulting damage to tenants' property was the basis for the plea of recoupment. At trial tenants endeavored to prove damages to the plaster, floors, walls, and loss of rentals for that portion of the building damaged by the leakage. The trial court sustained landlord's objection that such damages were outside the scope of the plea of recoupment, which stated that the leakage resulted in damages to tenants' "personal property." Tenants then requested permission under Municipal Court rule 15(b) to amend the recoupment plea to include these items. The correctness of the trial court's ruling on this motion is raised on this appeal.

However, it is not necessary for this court to rule on the question presented as the record before us reflects a similar action filed by landlord in July 1954 against tenants for possession of these same premises for unpaid rent for the months of May and June, 1954. Tenants filed an answer, a plea of recoupment, and a counterclaim, which was later withdrawn. The plea of recoupment embodied and consisted of the same allegations and claims asserted in the present action, except that in this prior plea of recoupment there was also included a claim for loss of rents. The entries reflecting the procedure of this former case are not altogether clear, but enough is revealed to indicate that a jury trial was had, that landlord presented his evidence, that tenants conceded default and refused to introduce any evidence under the plea of recoupment but instead sought to exercise an option given in the lease to have an escrow fund held by landlord applied to the delinquent rent. Over landlord's objection this election was upheld by the trial court, which ruled as a matter of law that tenants were entitled to a directed verdict on the question of possession and landlord was entitled to a directed verdict on tenants' plea of recoupment.

In determining whether a prior adjudication between the same parties is conclusive on a question later raised in a subsequent action the court will examine the record, including the pleadings in the former suit.[2] In doing so we find that the same matter pleaded by tenants in the present action was also pleaded in the prior possessory action. The former suit involved the same parties, the same lease, and a similar action for possession. The trial court directed a verdict against tenants' plea of recoupment. We therefore hold that they are estopped from again raising this matter in defense in the present suit. To allow such a course would be to permit a retrial of an issue once decided where the parties had an opportunity to be heard, to produce evidence, and to cross-examine witnesses.[3]

Tenants were not compelled to plead their cause in the form of recoupment in the original action as Landlord and Tenant rule 4(c) is one which gives a defendant a choice of pleading a counterclaim or bring-

---

2. St. Lo Const. Co. v. Koenigsberger, 84 U.S.App.D.C. 319, 174 F.2d 25, 10 A.L.R.2d 349, certiorari denied 338 U.S. 821, 70 S.Ct. 66, 94 L.Ed. 498; Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154; Nalle v. Oyster, 36 App.D.C. 36, reversed on other grounds 230 U.S. 165, 33 S.Ct. 1043, 57 L.Ed. 1439; In re Potts, 6 Cir., 142 F.2d 883.

3. David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.

ing a separate action. Tenants had the option of refusing to plead the matter, later bringing suit for affirmative relief, or to defeat landlord's claim for possession by using his claim defensively. We hold that in submitting their cause in their pleadings and raising the issue in the first suit tenants cannot now be heard to claim that it was not involved in the former suit merely because of a failure to introduce evidence to sustain it. The mere failure to adduce evidence of the claim put in issue by the pleadings cannot be urged to limit the finality of the court's decree.

 Although it is true that under Landlord and Tenant rule 4(c) affirmative relief could not have been awarded tenants by way of counterclaim because the landlord was not demanding a money judgment for the delinquent rent, nevertheless the trial court had jurisdiction to try the defense voluntarily submitted to landlord's claim for possession.[4] The issue was pleaded by tenants as a matter of defense, it was before a court of competent jurisdiction, and the opportunity was given tenants to support that defense. This they refused to do, rather presenting to the court a question of law during the trial as to their right to exercise an option in the lease agreement to apply an escrow fund to the delinquent rent. Had the court ruled adversely to them on this question, the plea of recoupment was still available for them to pursue. Thus tenants have had their day in court with respect to this matter.

In applying the doctrine of *res judicata* we therefore conclude that tenants not only put in issue in the previous suit the matter now being raised, but that that question was decided adversely to them. That determination must be considered as final.

Affirmed.

4. Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185; Kricun v. Stein, D.C.Mun.App., 111 A.2d 383.