Winifred USHER, Appellant,

v.

1015 N STREET, N. W. COOPERATIVE ASSOCIATION, a corporation, Washington Housing Corporation, and A. M. Draisner, Appellees.

No. 1754.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 15, 1956.

Decided March 15, 1956.

———◆———

John D. Fauntleroy, Washington, D. C., for appellant.

Theodore Kligman, Washington, D. C., with whom J. E. Bindeman, Washington, D. C., was on the brief, for appellee 1015 N Street, N. W. Cooperative Association.

Layton F. MacNichol, Washington, D. C., for appellee Washington Housing Corporation.

Everett M. Raffel, Washington, D. C., for appellee A. M. Draisner.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff in the trial court, filed suit in May 1954 under the District of Columbia Emergency Rent Act, D.C. Code 1951, § 45–1601 et seq. (which expired July 31, 1953) for double overcharges of rent for an apartment. After answers were filed the parties entered into a stipulation wherein it was conceded, among other things, that plaintiff was a member-tenant of a cooperatively owned apartment house known as 1015 N Street, N.W., operated by appellee Association, and was in default of monthly rent payments due under a proprietary lease covering an apartment occupied by her. Defendants then filed a motion to dismiss the complaint contending that the issue had been previously adjudicated in that prior to the filing of the instant suit, the Association had filed suit in April 1954 for possession for nonpayment of rent. Plaintiff resisted that claim on the ground that she was not in default in payment of rent and set forth an equitable defense or claim by way of setoff [1] in an amount exceeding the unpaid rent, contending that her apartment was subject to the Emergency Rent Act and that the rent paid was in excess of the maximum rent ceiling. The trial court, sitting without a jury, found that there had been no overcharge of rent and gave the Association judgment for possession. No appeal was taken therefrom and that judgment remains unmodified. The motion to dismiss was granted and this appeal followed.

Plaintiff urges two principal grounds for reversal of the judgment. First, she contends that the court erred in granting the motion to dismiss. The question on this assigned error is whether plaintiff may have a redetermination of the same issue adjudicated in a previous suit. This is answered by Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 57, 133 F.2d 25, 27, 147 A.L.R. 185, wherein it is stated " * * * that the purpose of the rule of *res judicata* is to give only one trial for each issue * * *." The file of the prior suit, which was made a part of the record before this court, shows that the issue of rent overcharge was considered and determined by a court having jurisdiction of the parties and the subject matter, and therefore must be considered finally adjudicated between the same parties so long as the judgment in the first suit remains unmodified.[2]

Plaintiff further contends that even though the landlord and tenant case may be *res judicata* as to the Association, it was error for the trial court to permit this doctrine to be invoked by the agents of the Association, i. e., Washington Housing Corporation and A. M. Draisner, who were not parties to the landlord and tenant action. Defendant Washington Housing Corporation asserts that since a principal-agent relationship exists between it and the Association, it is in privity with the Association and consequently should be afforded the protection of the doctrine. The term privity denotes a mutual or successive relationship to the same rights of property.[3] Agents and principals do not, as such, have any mutual or successive relationship to rights of property and therefore are not ordinarily in privity with each other.[4] Further, no party is, as a general rule, bound in a subsequent proceeding by a judgment unless the adverse party now seeking to secure the benefit of the former adjudication would be prejudiced by it if it were to be determined the other way.[5]

---

1. Municipal Court Landlord and Tenant Rule 4(c).

2. Antonelli v. Smith, D.C.Mun.App., 113 A.2d 570; Kricun v. Stein, D.C.Mun. App., 111 A.2d 383; Fairbanks v. Fisher, D.C., 94 F.Supp. 265.

3. David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.

4. Freeman on Judgments, Vol. 1, Sec. 469, p. 1029.

5. Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 158 F. 63, 16 L.R.A.,N.S., 677.

However, there are many exceptions to the rule of mutual estoppel [6] and we hold that under the circumstances of this case, the concept of privity in its modern application embraces the relationship of principal and agent as it existed between the Association and its agents.

■ By the decision in the landlord and tenant action, the Association as principal was found not to have violated the Rent Act. Now, after having had full opportunity to prove her claim and after having failed in that effort, plaintiff, by adding the agents' names to her cause of action and without alleging that such agents exceeded their authority in any manner, would have us rule that she be permitted to go to trial on the merits of the same claim a second time. We cannot so rule. The doctrine of *res judicata* is founded on a policy of ending litigation once a party has had his day in court [7] and as such renders immaterial whether appellant has chosen to test her right against the principal or the agent, provided the issue to be tried is identical as against both.[8] Such identity exists here and therefore the judgment of the court in the landlord and tenant case in favor of the principal is also conclusive as to its agents who collected the rent.

Affirmed.

6. Portland Gold Mining Co. v. Stratton's Independence, supra; Adriaanse v. United States, 2 Cir., 184 F.2d 968; Prichard v. Nelson, D.C., 55 F.Supp. 506, affirmed, 4 Cir., 137 F.2d 312; see also Freeman on Judgments, Vol. 1, Sec. 429, p. 932.

7. David v. Nemerofsky, supra, citing Taylor v. Sartorious, 130 Mo.App. 23, 108 S.W. 1089; Bruszewski v. United States, 3 Cir., 181 F.2d 419.

8. Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Cuneo Importing Co. v. American Importing & Transp. Co., D.C., 241 F. 421, affirmed, 2 Cir., 247 F. 413; Bruszewski v. United States, supra; Nichols v. Alker, D.C., 126 F.Supp. 679; Bango v. Ward, 12 N.J. 415, 97 A.2d 147.