45 N.J. Super. 137 (1957)
131 A.2d 546
LOUIS MAZZILLI, PLAINTIFF-RESPONDENT,
v.
ACCIDENT AND CASUALTY INSURANCE COMPANY OF WINTERTHUR, SWITZERLAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1957.
Decided May 3, 1957.
*138 Before Judges GOLDMANN, FREUND and CONFORD.
*139 Mr. Milton A. Dauber argued the cause for the defendant-appellant (Messrs. Carpenter, Bennett, Beggans & Morrissey, attorneys; Mr. John P. Beggans, of counsel).
Mr. Robert C. Gruhin argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The defendant appeals, by leave of this court, from an interlocutory order denying its motion for summary judgment against the plaintiff. The action was brought on a personal liability insurance policy for damages for injuries arising out of the use of certain premises in Secaucus, New Jersey. The single issue here in controversy is whether Frances Selger is an additional insured under the provisions of the policy which was issued by the defendant to her husband, Adam.
Only brief reference need be made to the facts which are undisputed: Adam Selger was the owner of a three-acre tract of land on which were two houses, about 200 feet apart; he lived in one, and Frances, his wife, from whom he was legally separated, and their infant son, Kenneth, resided in the other. On April 21, 1949 Kenneth, then nine years of age, found a shotgun in his mother's house, pointed it out of the window at the plaintiff who was working on the premises, and after some "horseplay" fired the gun, injuring the plaintiff.
The plaintiff filed an action against Kenneth, Frances and Adam, which, on motion, was dismissed by the trial court as to Frances and Adam, but the jury returned a verdict against Kenneth for compensatory and punitive damages. On appeal from the dismissal, the Appellate Division affirmed, Mazzilli v. Selger, 23 N.J. Super. 496 (1952); the Supreme Court affirmed as to the father, Adam, but reversed as to Frances, and ordered a new trial as to her liability, 13 N.J. 296 (1953).
Before the new trial was had, the plaintiff, unable to satisfy his judgment against Kenneth, instituted an action *140 against the present defendant insurance company on the personal liability insurance policy it had issued to Adam covering him and "residents of the household." On defendant's motion summary judgment was granted. The trial court considered two clauses of the policy, the first of which reads as follows:
"The unqualified word `Insured' includes the Named Insured and, if residents of the household, his spouse and relatives and wards of either * * *."
The policy limits coverage to accidental injuries and provides:
"Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured."
The trial court found (1) that "the son Kenneth Selger was not a resident of the household of the assured, his father," within the intendment of the quoted clause because he was in the custody of his mother living in a house other than that in which his father resided, and hence was not an "Insured" within the terms of the policy; and (2) assuming that he were an "Insured," the injury was not covered because it was willfully and maliciously inflicted, the shooting was not accidental, but deliberate and intentional. No appeal from that judgment was taken.
The new trial against Frances ordered by the Supreme Court, 13 N.J. 296, having resulted in a judgment of $10,000 in plaintiff's favor, he seeks by the present action to recover the amount from the defendant insurance company on the ground that Frances was covered under the liability policy issued to Adam. From a denial of defendant's motion for summary judgment, it appeals on the alternative grounds that (1) the findings in the previous suit under the policy as to Kenneth's liability are res judicata here and require a judgment in its favor, and (2) whether or not these findings are res judicata, it is entitled to judgment as a matter of law. We find the first of these grounds dispositive of the appeal in defendant's favor; hence, we express no opinion *141 as to the second ground, nor need we discuss the various clauses of the policy which bear upon it.
It is not disputed that at the time of plaintiff's injury Kenneth, whose custody had been awarded to his mother, was living with her apart from the assured, Adam. Thus, as to whether or not she was a "resident of the household" within the intent of the policy, she stands in the same position as her son. If, therefore, the prior adjudication is found to be finally determinative of Kenneth's status in this regard, necessarily it is similarly determinative as to Frances.
In the interest of reaching an end to litigation and procuring the final settlement of a dispute the courts have given universal recognition to the doctrine of res judicata to preclude relitigation of a cause of action between the same parties, previously decided by the final judgment of a competent court. Bango v. Ward, 12 N.J. 415 (1953); Restatement, Judgments, § 47, p. 181; § 48, p. 191. Such relitigation is precluded, if an issue which is legally conclusive of liability has been adjudicated, whether or not other issues absent from or undetermined in the first suit are also subsequently presented. In addition to this doctrine, which provides an absolute bar to relitigation of a cause of action, the same principle of finality has been extended under the term "collateral estoppel" to preclude a redetermination of particular issues previously decided by a final judgment in a suit involving a different cause of action. Restatement, Judgments, § 68 et seq., p. 293. Thus, while a subsequent proceeding involving a different cause of action is not barred by res judicata, an issue determined in one suit is, under the doctrine of collateral estoppel, not subject to redetermination in a later suit between the same parties or those in privity. See Nuzzi v. United States Casualty Co., 121 N.J.L. 249 (E. & A. 1938); Town of Boonton v. Foy, 130 N.J. Eq. 191 (E. & A. 1941); Templeton v. Scudder, 16 N.J. Super. 576, 583 (App. Div. 1951); "Developments in the Law  Res Judicata," 65 Harv. L. Rev. 818, 840 et seq. (1952). It is clear, therefore, that there is no merit in the plaintiff's contention that the issues decided in his prior *142 suit against the defendant have no binding effect here merely because it involved a different cause of action.
However, collateral estoppel does not pertain to issues not raised, but only to issues "actually litigated and determined by a valid and final judgment" and, further, only to such of those as were "essential to the judgment." Restatement, Judgments, § 68, p. 293; § 70, p. 318; Scott, "Collateral Estoppel by Judgments," 56 Harv. L. Rev. 110 (1942); see also Kelley v. Curtiss, 16 N.J. 265, 273 (1954); but cf. 65 Harv. L. Rev., supra, at p. 846. Where, as here, the prior judgment determined two issues, either one of which would have been sufficient to support it, clearly both findings were not essential. Nevertheless, the prior judgment is generally held to be determinative as to both; the alternative of holding no collateral estoppel is not favored. Kelley v. Curtiss, supra, 16 N.J., at page 273; Restatement, Judgments, § 68, Comment (n), p. 307; 65 Harv. L. Rev., supra, p. 845; Scott, 56 Harv. L. Rev., supra, at p. 11.
The two issues considered dispositive in plaintiff's prior suit were (1) that Kenneth is not a resident of "the household" referred to in the policy and, hence, not an "Insured," and (2) that his acts, being intentional, were not covered by the policy. While the determination of either of these was sufficient to support the prior judgment and, hence, would normally be deemed final, a complicating factor exists here since, because of the terms of the policy, the two findings are mutually exclusive. The policy provides that unless "committed by or at the direction of the Insured," assault and battery is deemed accidental. Thus, if Kenneth be held "not an insured," his act is deemed accidental, and not intentional. Therefore, in this case, the two findings are repugnant and cannot both be accepted.
However, a careful study of the court's oral opinion in the prior suit against the present defendant on the issue of its liability as to Kenneth discloses that it rests primarily upon the finding that Kenneth is not of "the household" and, hence, not an "Insured." The court disposed of the second issue, i.e., that his act was intentional, only by *143 assuming him, arguendo, to be an "Insured." In other words, the second holding was in the nature of an alternative to the primary determination mentioned.
We cannot but accept the court's finding on the first issue, there having been no appeal. As to Frances, it is undisputed that at the time of the injury she occupied the same status as Kenneth, since she and her minor son were living together, apart from Adam. It necessarily follows that since Kenneth was held in the prior action not to be a "resident of the household," she, too, was not, within the intendment of the policy. Thus, Kenneth having been ruled not covered under the liability policy, neither was Frances. Any other allegedly disputed facts argued by the plaintiff can in no wise offset the complete absence of any dispute on the factual issue which compels the stated legal conclusion.
Accordingly, the motion for summary judgment in favor of the defendant should have been granted.
Reversed.