**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5304-17T1

PATEL GROUP,

 Plaintiff-Appellant,

v.

JOHN BRITO,

 Defendant-Respondent.

_____

   Submitted September 23, 2019 – Decided September 30, 2019

   Before Judges Ostrer and Vernoia.

   On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1178-16.

   Thomas D. Williamson, attorney for appellant.

   Respondent has not filed a brief.

PER CURIAM

 Plaintiff Patel Group, Inc. appeals from the Law Division's June 8, 2018 order denying its motion to enter a default judgment on its February 2018

complaint against defendant John Brito. The court found that plaintiff's motion was frivolous and invited defendant to file a certification of fees.[1] We affirm.

The order arises from plaintiff's third effort to hold defendant personally responsible for a debt of a dissolved limited liability company, KVB Enterprises, LLC (KVB), of which defendant was, allegedly, the managing member. We reviewed some of the salient facts in Patel Group, Inc. v. KVB Enterprises, LLC, No. A-1488-13 (App. Div. May 13, 2015).

In short, plaintiff alleged in a 2010 complaint that KVB defaulted in 2003 on a mortgage debt owed to plaintiff. Plaintiff secured a default judgment in 2011 against KVB. Plaintiff alleges that while its suit against KVB was pending, KVB sold all its property. Upon its discovery of that alleged fact in 2012, plaintiff sought, by way of motion, entry of judgment against defendant. Defendant disputed plaintiff's factual claim, alleging that KVB was essentially assetless as of 2009. The court denied the motion in October 2013 on two grounds. First, defendant was not named a party. Second, plaintiff had not established a basis to pierce the LLC's "corporate veil" and hold defendant responsible derivatively for the LLC's debt.

---

[1] Given the pendency of the fee issue, the June 8 order was interlocutory, and not appealable as of right. However, given the history of this case, we grant leave to appeal nunc pro tunc so we can dispose of the issues before us.

A-5304-17T1

We affirmed that October 2013 order in Patel Group, Inc.  We rejected plaintiff's argument that "the motion judge erred by not holding Brito personally liable for a judgment it previously obtained against KVB because Brito did not properly dissolve KVB and allegedly distributed its assets to KVB's members without satisfying [Patel Group's] judgment."  Id., slip op. at 2.  We held that plaintiff presented no basis for entering judgment against plaintiff, who was not named as a party in a complaint.  Id. at 5.  We held that plaintiff's various arguments on appeal lacked sufficient merit to warrant further discussion.  Ibid.

Plaintiff renewed its effort to hold defendant responsible in a 2016 complaint.  But, plaintiff misspelled defendant's name and secured a default judgment in October 2016 against "John Bitro."  In August 2017, the court denied plaintiff's motion to enter a default judgment against defendant and dismissed the complaint with prejudice.  The court reasoned that defendant was never properly served under his name.  But, more importantly, the court held that plaintiff's complaint against defendant was barred by the entire controversy doctrine, citing Falcone v. Middlesex County Medical Society, 47 N.J. 92 (1966), and Hobart Brothers Company v. National Union Fire Insurance Company, 354 N.J. Super. 229 (App. Div. 2002).  The court also restrained plaintiff and its counsel from filing any new lawsuit or motion against defendant

based upon the same facts and circumstances.  The court also held that any future complaint premised on the same facts and circumstances would be barred by the statute of limitations.  The court denied defendant's motion for frivolous litigation sanctions.  In January 2018, the court entered an order directing the clerk to substitute defendant's name for the party in the 2016 complaint.[2]

In February 2018, plaintiff filed another complaint against defendant – albeit bearing the same docket number as the 2016 complaint – which is the subject of this appeal.  Plaintiff alleged that defendant failed to comply with the dictates of the New Jersey Limited Liability Act, N.J.S.A. 42:2B-1 to -70 (NJLLA), repealed by the Revised Uniform Limited Liability Company Act, L. 2012, c. 50, § 95, codified by N.J.S.A. 42:2C-1 to -94.  Plaintiff later argued that its complaint was timely, based on its alleged 2012 discovery of KVB transfers.

In entering the June 2018 order, the court reiterated that plaintiff's complaint against defendant was barred by the entire controversy doctrine and the statute of limitations.  The court also rejected plaintiff's argument that its claim under the NJLLA had never been addressed.  The court noted that plaintiff raised the contention in his prior appeal, and the court in Patel Group found it

---

[2] The record before us does not disclose the court's reasons for doing so.

lacked sufficient merit to warrant discussion. On appeal, plaintiff reprises these arguments.

We conclude that plaintiff's 2018 complaint is barred by res judicata. The court's August 18, 2017 order dismissed the complaint against defendant with prejudice and barred any future complaint against defendant. Plaintiff did not file a timely appeal from that order.[3] Consequently, the order became final. Plaintiff may not relitigate the issues determined by that order by filing a new complaint. See Bango v. Ward, 12 N.J. 415, 420 (1953).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Therefore, we do not reach the correctness of the trial court's prior determination that plaintiff's 2016 complaint was barred by the statute of limitations and the entire controversy doctrine.