Rosie M. MAJOR, Appellant,

v.

INNER CITY PROPERTY MANAGEMENT, INC., Appellee.

No. 91–CV–81.

District of Columbia Court of Appeals.

Argued Jan. 15, 1992.

Decided Jan. 30, 1995.

Charles C. Parsons, Washington, DC, for appellant.

Stephen P. Murphy, with whom Melvin White and Alan S. Toppelberg, Washington, DC, were on the brief, for appellee.

Before TERRY, STEADMAN, and SCHWELB,* Associate Judges.

TERRY, Associate Judge:

Appellant was injured in a fall in the bathroom of her apartment. She sued the owner of the apartment building, Southeast Mortgage Company (SEMCO), and the property manager, Inner City Property Management, Inc. (ICPM), in the Superior Court. Appellant also filed suit against SEMCO (but not ICPM), based on the same cause of action, in the United States District Court for the District of Columbia. The Superior Court action was then stayed. In the trial of the federal case, the District Court granted SEMCO a directed verdict on three of appellant's four claims, but the jury returned a verdict in her favor on the fourth. The Superior Court stay was dissolved soon thereafter, and appellant proceeded with her case in that court against ICPM and SEMCO. After her claims against SEMCO were dismissed, the court granted ICPM's motion for summary judgment on the ground that appellant was barred by *res judicata* (or claim preclusion) and collateral estoppel (or issue preclusion) from litigating claims which the federal court had previously decided. From that ruling appellant noted this appeal. We hold that, for different reasons, neither *res judicata* nor collateral estoppel bars appellant's claim; accordingly, we reverse.[1]

I

Appellant suffered various injuries when the floor of her bathroom collapsed, causing her to fall. She filed a four-count complaint against SEMCO and ICPM in the Superior

---

* Former Chief Judge Rogers was a member of the division that heard oral argument in this case. After her departure from the court, Judge Schwelb was selected by lot to replace her.

1. The trial court also dismissed appellant's negligence claim against ICPM. Appellant, however, does not challenge that ruling, nor does she seek review of the dismissal of her claims against SEMCO.

Court alleging negligence, intentional infliction of emotional distress, "outrageous conduct" (citing RESTATEMENT (SECOND) OF TORTS § 46 (1965)), and fraud.[2] Appellant filed an identical suit against SEMCO alone in the United States District Court. A few months later, on appellant's motion, the Superior Court case was stayed so that the federal case could proceed to trial. In the latter case, after appellant had presented evidence, SEMCO moved orally for a directed verdict. The District Judge heard extensive argument from both parties and then made a brief oral ruling that only the negligence count would go to the jury.[3] On that count the jury returned a verdict in appellant's favor against SEMCO.

After final judgment was entered in the District Court case, SEMCO and ICPM filed a motion in the Superior Court for summary judgment or, in the alternative, dismissal of appellant's complaint. The court dismissed all claims against SEMCO and the negligence claim against ICPM. After a further hearing, the court granted ICPM's motion for summary judgment on the intentional tort claims, on the ground that the District Court's directed verdict against appellant on those claims in the case against SEMCO barred her from litigating them in the Superior Court in her suit against ICPM.

## II

"Under the doctrine of *res judicata*, a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties *or those in privity with them." Goldkind v. Snider*

Brothers, Inc., 467 A.2d 468, 473 (D.C.1983) (citations omitted; emphasis added). It is true, of course, that ICPM was not a party to the litigation in the District Court. ICPM maintains, however, that as SEMCO's agent [4] it was "in privity" with SEMCO, so that the directed verdict on appellant's intentional tort claims against SEMCO in that court bars appellant from litigating the same claims against ICPM in the Superior Court.

 This court has held that, for *res judicata* purposes, "[a]gents and principals ... are not ordinarily in privity with each other." *Usher v. 1015 N Street, N.W., Cooperative Ass'n,* 120 A.2d 921, 922 (D.C.1956) (footnote omitted); *accord,* 46 AM.JUR.2D *Judgments* § 569 (1969). Thus a decision on the merits in an action against the principal is *res judicata* in a later action against the agent only "if the prior action concerned a matter within the agency." *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 637 F.Supp. 1333, 1341 (N.D.Ill.1986) (citation omitted); *see Lober v. Moore,* 135 U.S.App.D.C. 146, 150, 417 F.2d 714, 718 (1969).[5] In this case, viewing the record—as we must—in the light most favorable to appellant,[6] we see that appellant's claims against ICPM are based on conduct allegedly outside the agency relationship. ICPM offered no evidence in support of its motion for summary judgment which would suggest otherwise.[7] At the very least, there is a material issue of fact as to whether ICPM's alleged efforts to force appellant to move out of the apartment were within the scope of its agency relationship or, as appellant maintains, beyond it. We therefore hold that *res judicata* does not bar the present action against ICPM because ICPM

2. We shall refer to the latter three claims collectively as the "intentional tort" claims.

3. The District Judge's ruling in its entirety was as follows:

 It will go to the jury on negligence. All remaining counts are dismissed.

4. There appears to be no dispute that ICPM was SEMCO's agent in managing the apartment building where appellant lived.

5. This limitation on *res judicata* in the context of the principal-agent relationship is a corollary of the rule that a principal is not liable for an agent's tortious conduct unless that conduct is

within the scope of the agency. *See Presley v. Commercial Credit Corp.,* 177 A.2d 916, 918 (D.C. 1962); *Park Transfer Co. v. Lumbermen's Mutual Casualty Co.,* 79 U.S.App.D.C. 48, 142 F.2d 100 (1944). *See generally Penn Central Transportation Co. v. Reddick,* 398 A.2d 27, 30–31 (D.C. 1979).

6. *See, e.g., Davis v. Gulf Oil Corp.,* 485 A.2d 160, 164 (D.C.1984).

7. From the record it appears that ICPM did not file any affidavits, depositions, answers to interrogatories, or anything else under oath in support of its motion for summary judgment. *See* Super.Ct.Civ.R. 56(c), (e).

has not shown that it was in privity with SEMCO.

## III

With respect to collateral estoppel, appellant makes several alternative arguments, but her main one is that no collateral estoppel flows from a judgment, such as the one in the District Court, that is based on two or more independent grounds.[8] We need not decide whether she is correct on this point,[9] for we find merit in one of her other contentions.

In order for a claim of collateral estoppel to succeed,

> the issue in the new case must be one that was actually litigated and decided in the prior case, by a final and valid disposition on the merits, after a full and fair opportunity for litigation by the same parties or their privies, where the issue was necessarily decided in disposing of the first action, and not mere dictum.

*Smith v. Jenkins*, 562 A.2d 610, 617 (D.C. 1989) (citation omitted); *accord, Ali Baba Co. v. Wilco, Inc.*, 482 A.2d 418, 421 (D.C.1984) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)); *Goldkind v. Snider Brothers, Inc., supra*, 467 A.2d at 473. "The burden is on the party asserting preclusion to show actual decision of the specific issues involved." 18 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4420, at 185 (1981) (footnote omitted) (hereafter WRIGHT & MILLER). In addition, it has long been the rule that when the record does not clearly disclose the grounds on which the first decision was based, that decision cannot be given collateral estoppel effect. More than a century ago, the Supreme Court stated this principle as follows:

> It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear ... that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at large, and open to a new contention....

*Russell v. Place*, 94 U.S. 606, 608, 24 L.Ed. 214 (1877); *accord, e.g., Stebbins v. Keystone Insurance Co., supra* note 8, 156 U.S.App. D.C. at 332 n. 13, 481 F.2d at 508 n. 13 ("If the basis for the first judgment is uncertain, then no estoppel is created as to any of the issues, even though they were actually litigated" (citations omitted)); *Woodbury v. District of Columbia*, 67 App.D.C. 278, 280, 92 F.2d 202, 204 (1937). When "a prior judgment [does] not indicate clearly what issues were resolved ... the result is that the opaque judgment fails to preclude relitigation." 18 WRIGHT & MILLER, *supra*, § 4420, at 184.[10] That is what happened in this case.

Included in the record is a transcript of the hearing in the United States District Court on SEMCO's motion for a directed verdict. That transcript is twenty-seven pages long and contains a lengthy exchange between the District Judge and counsel for both parties. The discussion focused on several issues in turn, and we simply cannot tell which one was uppermost in the judge's mind when he ruled at the end of the hearing. Shortly after the hearing began, the judge said, "I think there's a case to go to the jury on negligence. I have some question about

---

8. For this proposition appellant relies on *Stebbins v. Keystone Insurance Co.*, 156 U.S.App.D.C. 326, 332–333, 481 F.2d 501, 507–508 (1973), but *Stebbins* does not so hold. *See Dozier v. Ford Motor Co.*, 227 U.S.App.D.C. 1, 6 n. 10, 702 F.2d 1189, 1194 n. 10 (1983).

9. As the court noted in *Dozier, supra* note 8, "the cases and commentators are divided on this is-

sue...." 227 U.S.App.D.C. at 5–6, 702 F.2d at 1193–1194 (footnote omitted).

10. *See also Board of County Supervisors v. Scottish & York Insurance Services, Inc.*, 763 F.2d 176, 179 (4th Cir.1985); *Security Insurance Co. v. Johnson*, 276 F.2d 182, 189 (10th Cir.1960).

the rest of the complaint." Thereafter the judge asked counsel several questions, but (quite properly) he did not reveal what was in his mind or in any way intimate that he had prejudged the issue. Finally, on the last page of the transcript, the judge made the ruling which we have quoted in footnote 3, *supra.* Unfortunately, it tells us nothing about the reasons for the directed verdict, and ICPM has not provided us with any other portion of the District Court transcript that might give us a clue.

■ As a result, we cannot say that each of appellant's intentional tort claims was "necessarily decided" by the District Court on a ground that would collaterally estop appellant. In particular, it is not clear whether the dismissals were based on insufficient proof that the torts were in fact committed by ICPM or on an insufficient showing that SEMCO was vicariously liable.[11] Thus appellant was not barred from proceeding in the Superior Court on the same claims, and the trial court erred in granting ICPM's motion for summary judgment on this ground.

The judgment is therefore reversed, and the case is remanded to the trial court for further proceedings.

*Reversed and remanded.*

---

11. At one point in the hearing, appellant's counsel asserted that he had shown "far worse circumstances" than were proven in *Anderson v. Prease,* 445 A.2d 612 (D.C.1982), an intentional infliction of emotional distress case in which this court affirmed a verdict and judgment for the plaintiff. The District Judge responded to counsel's statement by saying, "I don't agree with you," but he did not elaborate on the reasons for his disagreement. There is some indication that the judge might have been inclined to regard appellant's claim as more like the one we found wanting in *Waldon v. Covington,* 415 A.2d 1070 (D.C.1980), which counsel also cited in the course of the discussion. Here again, however, the judge's comments were too brief to give us a clear understanding of the basis for his ultimate ruling. As we have noted, the discussion was wide-ranging and addressed other questions— including whether the evidence, even assuming it was sufficient to prove commission of the intentional torts by ICPM, was also sufficient to establish SEMCO's vicarious liability, in particular by ratification.