**Eric HERRION, Appellant**

v.

**CHILDREN'S HOSPITAL NATIONAL MEDICAL CENTER, et al., Appellees.**

No. 11–7050.

United States Court of Appeals, District of Columbia Circuit.

Dec. 23, 2011.

Gregory L. Lattimer, Esquire, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Appellant.

Christine Mary Costantino, Robert Wade Goodson, Jodi V. Terranova, Wilson

Elser Moskowitz Edelman & Dicker, LLP, Washington, DC, for Appellees.

Before: ROGERS, TATEL, and KAVANAUGH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the District Court and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). For the reasons stated below, it is **ORDERED and ADJUDGED** that the District Court's dismissal of this case be **AFFIRMED.**

On September 17, 2008, Eric Herrion filed a tort suit in D.C. Superior Court against Children's Hospital. Herrion alleged that Children's security officers, acting within the scope of their employment, harassed, attacked, and wrongfully restrained him during a visit to the hospital on September 17, 2007. He did not name the officers as defendants. On February 2, 2010, the jury found in Herrion's favor on his assault and battery claims and awarded him $30,000 in compensatory damages.

Sixteen days after the jury verdict, on February 18, 2010, Herrion commenced this action in U.S. District Court. *See Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F.Supp.2d 359 (D.D.C.2011). The second suit arose out of the same September 17, 2007, incident but named both Children's and the security officers as defendants. Herrion's Amended Complaint asserted § 1983 claims against the officers (who had been commissioned as "special police officers" by the District of Columbia) and malicious prosecution claims against the officers and Children's. The defendants moved for summary judgment on the ground that res judicata barred the second suit. The District Court noted that Herrion had abandoned his malicious prosecution claim, and the Court granted the defendants' motion to dismiss the § 1983 claims on res judicata grounds. *Id.* at 366, 368. We review the District Court's application of res judicata de novo. *Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C.Cir.2006).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a state court judgment is entitled to "the same respect that it would receive in the courts of the rendering State." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996). That rule extends to judgments of the District of Columbia courts. *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C.Cir.1997). We therefore apply D.C. law in determining the preclusive effect of the Superior Court judgment. Under D.C. law, whether a subsequent action is barred by res judicata depends on "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C.2010).[1] Only the second and third prongs of the test are at issue in this case.

For the second prong, two suits involve the same claim if they share the same

---

1. The District Court's opinion cited this Court's federal res judicata doctrine, which includes a fourth factor: "by a court of competent jurisdiction." *Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F.Supp.2d 359, 368 (D.D.C.2011) (citing *Porter v. Shah*, 606 F.3d 809, 813 (D.C.Cir.2010)). As the District Court noted, *see id.* at 368 n. 6, this Court has stated that "we can discern no material differences in the District of Columbia's law of res judicata and the federal common law of res judicata." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 n. 4 (D.C.Cir.1997) (citations and internal quotation marks omitted).

"factual nucleus" or arose out of the same "transaction." *Leslie v. LaPrade,* 726 A.2d 1228, 1231 (D.C.1999); *Carr v. Rose,* 701 A.2d 1065, 1070 (D.C.1997). Res judicata applies to all grounds for recovery that could have been raised in the first action, whether or not they were actually raised. *Carr,* 701 A.2d at 1070. There can be no serious question that Herrion's second suit arises entirely out of the same transaction as his earlier suit in D.C. Superior Court: the September 17, 2007, altercation with the hospital security officers. It is "of no import" that Herrion's second action advances legal theories "other than those asserted" in his first action. *Leslie,* 726 A.2d at 1231.

For the third prong, a "privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case." *Smith v. Jenkins,* 562 A.2d 610, 615 (D.C.1989). Under D.C. law, agents and principals are in privity for res judicata purposes "if the prior action concerned a matter within the agency." *Major v. Inner City Property Mgmt., Inc.,* 653 A.2d 379, 381 (D.C.1995). Herrion's first suit concerned a matter within the scope of the security officers' employment, and the hospital's vicarious liability turned entirely on the officers' conduct. Res judicata thus bars this suit, regardless of "whether appellant has chosen to test h[is] right against the principal or the agent." *Usher v. 1015 N St., N.W. Coop. Ass'n,* 120 A.2d 921, 923 (D.C.1956).

Finding no error, we affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.